The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Medical records marked as stipulated exhibit 1 are received into evidence. (thirty-seven pages)
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the alleged injury by accident, plaintiff was a twenty-five year old male. Plaintiff was employed by the defendant-employer as a tire service laborer. Plaintiff's job duties included removing and installing tires with the use of a sledge hammer on trucks and farm tractors.
2. On March 1, 1994, plaintiff was swinging a sledge hammer all day with his right arm. Plaintiff started experiencing a burning sensation in his right shoulder in the late afternoon.
3. On March 2, 1994, plaintiff reported to his supervisor, Andrew Kirby, that he was experiencing pain in his neck and right shoulder. He reported that he had difficulty going to sleep the night before because of this pain. Plaintiff did not report any details that related this pain to his work at that time.
4. On March 4, 1994, plaintiff sought medical treatment for his right shoulder at the Emergency Room at the Alexander Community Hospital. Plaintiff reported to both the nurse and the emergency room physician that he had been experiencing pain in his right shoulder. Plaintiff reported that he had experienced a "crick in his neck" approximately three weeks prior to this visit. (February 11, 1994) This pain began in the back of plaintiff's neck and radiated into plaintiff's midthoracic area. Plaintiff reported that he did not remember injuring himself in this area. Plaintiff was diagnosed as having sustained a trapezius muscle strain on the right side. Plaintiff was given a shot for pain.
5. On April 14, 1994 plaintiff sought medical treatment for pain in his right shoulder from Dr. Bennett. Plaintiff reported that he had been suffering from pain in his right shoulder and numbness, tingling, and paresthesias into the fingers of his right hand for approximately nine to ten weeks. (February 4, 1994 or February 11, 1994) Plaintiff reported no history of trauma. He reported that the tingling and numbness seemed worse at night. Plaintiff was able to reduce the tingling and numbness during the day when he was working for the defendant-employer handling large tractor tires.
6. On May 30, 1994, an MRI was performed on plaintiff that revealed that plaintiff had a herniated disc at the C5-6 level. This disc was pressing on the right C6 nerve root.
7. On June 14, 1994, plaintiff began receiving treatment from orthopedic surgeon, Dr. Rodger. For the first time, plaintiff reported to a healthcare provider that he had experienced pain in his neck following a work related activity. Plaintiff described suffering a crick in his neck following doing heavy lifting mounting tires. This neck pain was followed by radicular arm pain that plaintiff described to Dr. Rodger as beginning on March 1, 1994. Plaintiff reported that this pain was eventually followed by numbness in his thumb and fingers.
8. On June 15, 1994, plaintiff met with his supervisor, Wayne Kirby. Mr. Kirby questioned plaintiff as to how plaintiff could have injured himself at work. Plaintiff was unable to identify a specific occurrence that took place at work. Plaintiff insisted that the injury to his neck had to have happened at work.
9. On June 20, 1994, plaintiff received an epidural steroid injection at the C6-7 interspace.
10. On July 6, 1994, Dr. Rodger performed an anterior microdiskectomy at C5-6 with allograft fusion using a Synthes titanium plate.
11. Plaintiff had experienced radicular pain in his arm a lot longer than what he reported to Dr. Rodger. Plaintiff experienced radicular arm pain prior to March 1, 1994. Dr. Rodger opined that if plaintiff sustained arm pain prior to March 1, 1994, then the incident described by plaintiff could not have caused the slipped disc and then resulting surgery.
12. Plaintiff has sustained a ten percent permanent partial disability to his back. (neck)
13. Plaintiff has not credibly or convincingly pointed to any specific instance in time when his back began to hurt. He has, however, pointed to a series of contemporaneous events, but in light of the inconsistent histories given by plaintiff as to when and how his problems started, his accounting of any work-related injury is not accepted as credible or convincing.
14. Plaintiff's work activity involving repeatedly swinging a hammer in order to mount tires on March 1, 1994 did not cause plaintiff to sustain a herniated disc at C5-6.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
1. On May 1, 1993, plaintiff did not sustain an injury by accident arising out of and in the course of his employment Plaintiff's repeated swinging of the sledge hammer was not the "specific traumatic incident" responsible for plaintiff's injury. N.C. Gen. Stat. § 97-2(6).
* * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim must under the law be, and is HEREBY DENIED.
2. The defendants shall pay an expert witness fee in the amount of $160.00 to Dr. Johnson.
3. Each side shall bear its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission docket.
This the __________ day of ________________________, 1996.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
S/ _______________________ LAURA K. MAVRETIC COMMISSIONER
JHB/nwm 8/13/96